IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM HENRY KING, ) <br> AIS # 319264, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE OF ALABAMA D.O.C., ) <br> FOUNTAIN CORRECTIONAL ) <br> FACILITY MEDICAL, ATMORE ) <br> HOSPITAL, and KILBY ) <br> CORRECTIONAL FACILITY ) <br> MEDICAL, ) <br> ) <br> Defendants. ) | CASE NO. 2:25-CV-197-WKW <br> [WO] |

## **MEMORANDUM OPINION AND ORDER**

On March 6, 2025, Plaintiff William Henry King, an inmate in the custody of the Alabama Department of Corrections (ADOC), filed this *pro se* complaint under 42 U.S.C. § 1983 against four state entities.[1] (Doc. # 1.) These entities are: (1) the State of Alabama ADOC; (2) Fountain Correctional Facility Medical; (3) Atmore Hospital; and (4) Kilby Correctional Facility Medical. The complaint is before the court for screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. After review,

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). Plaintiff dated his § 1983 complaint "3-6-25." (Doc. # 1 at 4.)

Plaintiff's claims must be dismissed prior to service of process pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1); however, Plaintiff will be given an opportunity to amend his complaint.

## I. STANDARD OF REVIEW

Plaintiff, a prisoner, is proceeding *in forma pauperis* (IFP). (Doc. # 4.) Under the IFP provisions of § 1915, any complaint filed is subject to mandatory court review. Because Plaintiff is seeking redress from state entities, the complaint also is subject to screening under 28 U.S.C. § 1915A. Sections 1915 and 1915A require the court to dismiss a complaint, or any part of it, on its own initiative, if the allegations are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B)(i)–(iii); § 1915A(b)(1)–(2).[2]

A complaint is subject to dismissal "for both frivolousness and failure to state a claim" if it "lacks even an arguable basis in law." *Toussaint v. U.S. Attorney's Off.*, 2025 WL 2237376, at *3 (11th Cir. Aug. 6, 2025) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)). A complaint lacks an arguable basis in law

---

[2] The language in § 1915(e)(2)(B)(i)–(iii) is nearly identical to the language in § 1915A(b)(1)–(2). The Eleventh Circuit applies the same standards when evaluating complaints under both statutes. *See Hutchinson v. Wexford Health Servs., Inc.*, 638 F. App'x 930, 932 (11th Cir. 2016) (per curiam) (observing that even if the district court had screened the complaint under the wrong statute, the outcome would be the same because the standards under §§ 1915(e)(2)(B) and 1915A(b) are effectively identical). Therefore, this court applies the Eleventh Circuit's interpretation of one statute to the other.

when it relies on "an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. Such claims include those where "it is clear that the defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist." *Id.* (citation omitted).

A court also may dismiss a claim as frivolous under § 1915(e)(2)(B)(i) and § 1915A(b)(1) if it lacks an arguable basis in fact. *Toussaint*, 2025 WL 2237376, at *3 (citing *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). A claim lacks an arguable basis in fact "if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (cleaned up).

Moreover, a complaint can be dismissed at the statutory screening stage if it fails to state a claim upon which relief may be granted. This review follows the same standard governing dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). Hence, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To meet the plausibility standard, the plaintiff must plead factual

3

content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "plain statement possessing enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, although *pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed," *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (cleaned up), the allegations still "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 557. The court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Escambia Cnty.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by*, *Iqbal*, 556 U.S. 662.

## II. THE COMPLAINT'S ALLEGATIONS

Plaintiff alleges that, while in custody, he was assaulted and sustained major injuries, including broken bones, and was denied medical treatment at Fountain Correctional Facility, Atmore Hospital, and Kilby Correctional Facility.[3] (Doc. # 1 at 2.) He claims that these facilities falsified his x-rays and medical records and denied him medical treatment. (Doc. # 1 at 3.) Plaintiff details an incident in

---

[3] Plaintiff does not identify who assaulted him.

4

October 2020 where he was attacked, resulting in multiple injuries, including a broken jaw, dislocated arm, and broken shoulder, among others. He claims inadequate medical care was provided, and he had to self-treat some injuries. (Doc. # 1 at 2; Doc. # 1-1.) He asserts that Providence Hospital's x-rays contradict the falsified records from the correctional facilities, showing his jaw is broken and misaligned. (Doc. # 1-1.) He generally claims that his rights have been violated from "October 2020–2025." (Doc. # 1 at 2.)

Plaintiff requests the revocation of medical practice rights for those who denied him treatment and falsified records, criminal charges against them, and $15,000,000 in damages for the denial of medical treatment, emotional distress, pain, and suffering. He also seeks additional compensation for the falsification of medical records and punitive damages. (Doc. # 1 at 4.)

### III. DISCUSSION

Plaintiff brings this suit under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 provides a mechanism for individuals to seek redress when their federal constitutional or statutory rights are violated by state

5

actors acting under color of state law. It "basically seeks to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide related relief." *Richardson v. McKnight*, 521 U.S. 399, 403 (1997) (cleaned up).

A.  **Claims Against the ADOC, Fountain Correctional Facility Medical, and Kilby Correctional Facility Medical**

Plaintiff sues the ADOC, Fountain Correctional Facility Medical, and Kilby Correctional Facility Medical, but these claims must be dismissed as frivolous for two reasons.

First, the State of Alabama and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). The ADOC is a state agency, and Fountain and Kilby are correctional facilities under the ADOC. These three entities, therefore, are not suable "persons" under § 1983. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (recognizing that the Alabama Board of Corrections is a part of the State); Ala. Code § 14-1-1.1 (providing that the ADOC is the successor to the Board of Corrections); *Scott v. Ala. Dep't of Corrs.*, 2010 WL 500429, at *2 (S.D. Ala. Feb. 3, 2010) ("Inasmuch as the ADOC is an arm of the State of Alabama and, therefore, it and its subpart, Fountain, are not 'persons' that may be sued for § 1983 purposes."). While Plaintiff has included "Medical" in the designation of Fountain and Kilby correctional facilities as Defendants, he has not alleged that these entities possess a separate legal existence from the correctional

6

facilities themselves. *See Haynes v. Staton Med. Unit*, 2020 WL 13747049, at *1 (M.D. Ala. July 10, 2020) (observing that "the Staton Medical Unit is merely an area within a correctional facility and is not a legal entity nor a person within the meaning of 42 U.S.C. § 1983, and, therefore, is not subject to suit or liability in the instant cause of action").

Second, the Eleventh Amendment insulates a state from suit unless the state has expressly waived its Eleventh Amendment immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 100 (1984), or Congress has abrogated the immunity, *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 59 (1996). Eleventh Amendment immunity also extends to state agencies. *Harden v. Adams*, 760 F.2d 1158, 1163 (11th Cir. 1985). "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abrogated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (per curiam) (citing *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990)).

Therefore, all claims against the ADOC and the correctional facilities will be dismissed with prejudice as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), as these claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Selensky v. Alabama*, 619 F. App'x 846, 848 (11th Cir. 2015) (per curiam) (affirming dismissal of a prisoner's 42

U.S.C. § 1983 complaint as frivolous under § 1915(e)(2)(B)(i) where the Eleventh Amendment prevented the lawsuit).

B.  **Claims Against Atmore Hospital**

Plaintiff brings claims against Atmore Hospital, a private entity.  Under § 1983, the requirement of acting "under color of state law" excludes purely private conduct, "no matter how discriminatory or wrongful."  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).  For Plaintiff's claims to proceed against Atmore Hospital under § 1983, the allegations must show that the actions or omissions of Atmore Hospital constitute state action.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150–52 (1970).  State action is present when a private entity performs a function that "is traditionally the exclusive prerogative of the state." *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (collecting cases where state action is found when a private entity assumes a traditionally governmental role).  Plaintiff alleges no facts indicating that Atmore Hospital took on a traditionally governmental role, such as by contracting with the State of Alabama to provide medical services.  *See Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).  Plaintiff's § 1983 claims against Atmore Hospital will be dismissed without prejudice for failure to state a claim.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

C.  **Requests for Relief:  Criminal Prosecutions and Revocation of Medical Licenses**

Plaintiff cannot pursue two of the forms of relief requested.  First, Plaintiff seeks to have criminal charges brought against Defendants.  However, courts "have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties, finding that such plaintiffs lack standing or that such relief is simply unavailable in a civil suit." *Gittens v. Scholtz*, 2019 WL 3417091, at *11 (D.N.J. July 29, 2019) (cleaned up); *see also Town of Castle Rock v. Gonzales*, 545 U.S. 748, 767 n.13 (2005) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." (citation omitted)); *McMinn v. Damiani*, 765 F.2d 145 (6th Cir. 1985) (unpublished table decision) (affirming the dismissal of a *pro se* civil rights action for lack of standing, where the plaintiff sued state prosecutors for not investigating or prosecuting claims against state judges and attorneys).

Second, Plaintiff requests the revocation of the right to practice medicine for those who denied him treatment and falsified his records. (Doc. # 1-1 at 4.)  Plaintiff has provided no authority for this request, and the court is unaware of any authority that would permit such relief in a § 1983 action.  *See Sanders v. Starling*, 2021 WL 3055046, at *10 n.9 (M.D. Fla. July 20, 2021) (noting in a § 1983 action that the court did not have the authority "to order the State of Florida to revoke Defendants' medical licenses"), *aff'd*, 2022 WL 6644768 (11th Cir. Oct. 11, 2022).

9

Plaintiff's § 1983 claims demanding criminal prosecution and the revocation of the right to practice medicine will be dismissed with prejudice as frivolous and for lack of subject matter jurisdiction. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

D.  **Allegations Against Warden Cook and Betty Tate**

Plaintiff alleges that the warden at Fountain Correctional Facility, referred to as "Mrs. Cook," along with an individual named Becky Tate, whose position is unspecified, conspired to retaliate against him by "pull[ing] strings" to falsify his medical records and by "getting [him] jumped and stabbed." (Doc. # 1-1 at 1.) This alleged conspiracy resulted in further harm and the denial of necessary medical treatment. Plaintiff alleges also that Mrs. Cook denied his request for a transfer "multiple time[s]." (Doc. # 1-1 at 1.)

The complaint lacks clarity regarding whether these individuals are being sued, and it is unclear who Becky Tate is. These allegations are presented on a separate sheet of paper in support of claims against Fountain Correctional Facility, Atmore Hospital, and Kilby Correctional Facility. (Doc # 1 at 3.) Due to these ambiguities, the claim(s) against these individuals, if any, must be repleaded in an amended complaint to clearly identify the defendants and specify their roles and actions.

E.  **Statute of Limitations**

Plaintiff asserts that his rights have been violated since 2020, and he filed this action in March 2025.  (Doc. # 1 at 2.)  However, "The statute of limitations for a § 1983 claim is measured by limitations periods for personal-injury torts in the state where the action is brought—which, in Alabama, is two years, *see* Ala. Code § 6-2-38(l)." *Chapman v. Dunn*, 129 F.4th 1307, 1315 (11th Cir. 2025) (citation omitted). "Federal law, though, determines when a § 1983 plaintiff's cause of action accrues." *Id.*  "The general federal rule is that the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.* (cleaned up).  In the amended complaint, should Plaintiff choose to amend, he must pursue only those claims that accrued within the two-year statute of limitations.

F.  **Amendment to the Complaint**

"[B]efore dismissing a complaint, a district court 'must' give a pro se party 'at least' one chance to amend the complaint if a more carefully drafted complaint might state a claim." *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023) (citation omitted).  In this action, an amendment will be allowed.

In filing such an amended complaint, should Plaintiff choose to do so, Plaintiff must present a short and plain statement of each claim so as to "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl.*

11

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). He must clearly identify defendants and state with "some minimal particularity how overt acts of the defendant caused a legal wrong." *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citation omitted).

## IV. CONCLUSION

Based on the foregoing, it is ORDERED as follows:

(1) Plaintiff's 42 U.S.C. § 1983 claims against the State of Alabama Department of Corrections, Fountain Correctional Facility Medical, and Kilby Correctional Facility Medical are DISMISSED with prejudice as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1);

(2) Plaintiff's § 1983 claims against Atmore Hospital are DISMISSED without prejudice for failure to state a claim on which relief may be granted under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and

(3) Plaintiff's § 1983 claims demanding criminal prosecution and the revocation of the right to practice medicine are DISMISSED with prejudice as frivolous and for lack of subject matter jurisdiction under §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

It is further ORDERED that Plaintiff must file an amended complaint by **December 9, 2025**, that does the following:

1. includes only those defendants he contends to be personally responsible for the alleged violations of his constitutional rights;

2. identifies the constitutional rights that allegedly were violated;

3. describes what each defendant did that violated those constitutional rights;

4. states when and where the violations occurred;

5. describes how the acts or omissions of each defendant harmed him; and

6. states the specific relief he seeks.

To aid Plaintiff in complying with this Order, the Clerk of Court is DIRECTED to provide him with a copy of the form used by prisoners to file § 1983 actions. **Plaintiff must use the form in filing his amended complaint.** The amended complaint will supersede the original complaint such that this action will proceed only as to Defendants named and the claims presented in the amended complaint.

Plaintiff is expressly CAUTIONED that a failure to comply with the terms of this Order will result in dismissal for failure to prosecute and comply with an Order of the court.

DONE this 18th day of November, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE