IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIAM HENRY KING,　　　　　)
AIS # 319264,　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　)　　　CASE NO. 2:25-CV-197-WKW
　　　　　　　　　　　　　　　　)　　　　　　　[WO]
STATE OF ALABAMA D.O.C.,　　　)
*et al.*,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　)

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

Plaintiff William Henry King, an inmate in the custody of the Alabama Department of Corrections (ADOC), filed this *pro se* 42 U.S.C. § 1983 action against four Defendants:  the State of Alabama D.O.C.; Fountain Correctional Facility Medical; Atmore Hospital; and Kilby Correctional Facility Medical.  (Doc. # 1.)  In a Memorandum Opinion and Order dated November 18, 2025, Plaintiff's complaint was screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  (Doc. # 17.)  After screening Plaintiff's complaint, the court determined that his claims had to be dismissed prior to service of process but afforded Plaintiff an opportunity to amend his complaint to correct the deficiencies.  (*Id.* at 1–2.)

On January 13, 2026, and February 2, 2026,[1] Plaintiff filed amended complaints.  (Docs. # 30 & 33.)  This action is pending on the amended complaints for screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Based upon this screening, all of Plaintiff's claims must be dismissed, some with prejudice and some without prejudice.

## II.  STANDARD OF REVIEW

Plaintiff, a prisoner, is proceeding *in forma pauperis* (IFP).  (Doc. # 4.)  Under the IFP provisions of § 1915, any complaint filed is subject to mandatory court review.  Because Plaintiff is seeking redress from state governmental officials, the amended complaint also is subject to screening under § 1915A.  Sections 1915 and 1915A require the court to dismiss a complaint, or any part of it, on its own initiative, if the allegations are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B)(i)–(iii); § 1915A(b)(1)–(2).[2]

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."  *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).  Plaintiff dated his amended § 1983 complaints "1-13-26" (Doc. # 30 at 4) and "February 2, 2026" (Doc. # 33 at 4.)  Therefore, his amended complaints are deemed filed on January 13, 2026, and February 2, 2026.

[2] The language in § 1915(e)(2)(B)(i)–(iii) is nearly identical to the language in § 1915A(b)(1)–(2). The Eleventh Circuit applies the same standards when evaluating complaints under both statutes. *See Hutchinson v. Wexford Health Servs., Inc.*, 638 F. App'x 930, 932 (11th Cir. 2016) (per curiam) (observing that even if the district court had screened the complaint under the wrong statute, the outcome would have been the same because the standards under §§ 1915(e)(2)(B) and

On screening, the court may consider, *sua sponte*, affirmative defenses that are clear from the face of the complaint. *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 & n.2 (11th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[] dismissal is allowed." *Id.* at 640. For example, "[t]he expiration of the statute of limitations serves as an affirmative defense, the existence of which warrants a dismissal as frivolous." *Reid v. Republic Bank & Tr., Inc.*, 805 F. App'x 915, 916 (11th Cir. 2020) (per curiam).

A complaint also must be dismissed at the statutory screening stage if it fails to state a claim upon which relief may be granted. *See* § 1915(e)(2)(B)(ii); § 1915A(b)(1). This review follows the same standard governing dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). Hence, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To meet the plausibility standard, the plaintiff must plead factual content that "allows the court to draw the

---

1915A(b) are effectively identical). Therefore, this court applies the Eleventh Circuit's interpretation of one statute to the other.

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "plain statement possessing enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

*Pro se* pleadings are liberally construed and held "to less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, the allegations still "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 557. The court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Escambia Cnty.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by*, *Iqbal*, 556 U.S. 662.

### III.  THE AMENDED COMPLAINTS' ALLEGATIONS

Plaintiff names nine Defendants between his two amended complaints: (1) Warden Rolanda Calloway; (2) Warden Mary Cook; (3) Warden Brandon McKenzie; (4) YesCare, as the medical provider for Fountain and Kilby Correctional Facilities; (5) Atmore Community Hospital; (6) the State of Alabama D.O.C.; (7) Steve Marshall; (8) Dr. O. Locke, LPN; and (9) Dr. Rahmian.  (Doc. # 30 at 1, 2; Doc. # 33 at 1, 2.)  However, the amended complaints do not attribute any specific

4

act or omission to any Defendant.[3]    Collectively, the allegations in Plaintiff's amended complaints are disjointed and difficult to follow.  The court has endeavored to decipher these allegations which, construed favorably to Plaintiff, set forth the following.

In his amended complaints, Plaintiff alleges multiple incidents of medical negligence, dating back to October 2020.  (*See* Doc. # 30 at 2; Doc. # 33 at 2.)  Plaintiff claims that he was attacked on or around October 16, 2020, resulting in a broken shoulder, a dislocated right arm, and broken ribs.  (Doc. # 30 at 3.)  This attack, he claims, occurred while he was "in the custody of Warden Mary Cook and Warden Brandon McKenzie."  (Doc. # 33 at 3.)  He allegedly requested medical treatment, but "they kept telling [him] nothing was wrong, . . . gave [him] x-ray[]s[,] and sent [him] back to the dorm."  (Doc. # 30 at 3.)  Plaintiff says that he "kept putting in for x-ray[]s" beginning September 2020 because he "was in multiple fights."  He claims that, during one of these fights, his finger was broken.  He also alleges that Officer Foster[4] tackled him and broke his kneecap on October 26, 2020.

---

[3] Plaintiff does, however, mention some of the named Defendants in passing.  First, Plaintiff claims that he was assaulted and received severe injuries and broken bones while in the custody of Warden Mary Cook and Warden Brandon McKenzie.  (Doc. # 33 at 3.)  Second, he states that Dr. O. Locke sent him to Atmore Hospital for an MRI on February 9, 2021.  (*Id.*)  Third, Plaintiff claims that Atmore Hospital "made [him] go back to the prison without putting [Plaintiff's jawbone] back in place or fixing any of [his] broken bones."  (Doc. # 30 at 3.)  Other than these assertions, Plaintiff does not connect any of the named Defendants to the allegations in his amended complaints.

[4] Officer Foster is not named as a Defendant in this action, but even if he were, the two-year statute of limitations has long expired.

During another fight, Plaintiff's jawbone was broken, and he "had to write a grievance to get a[n] MRI at Atmore Hospital." Plaintiff claims that Dr. Locke sent him to Atmore Hospital for an MRI on February 9, 2021 (Doc. # 33 at 3), but that he was returned to prison without having the bone put back into place (Doc. # 30 at 3). He argues that he should have been admitted to the hospital and had surgery, but instead he "had to use the corner of the bed and push up to reset the bone back in the socket." (Doc. # 30 at 3.)

Plaintiff says that there is a "gap" in his shoulder bone and that the bone pops when he moves his arm. He also says that his jaw is "sitting on a tilt" and that it is visibly noticeable. He claims, without identifying to whom he is referring, that "they failed to provide me with a safe environment to heal in." He further claims that medical personnel and the police are conspiring to retaliate against him by denying him medical treatment and security and falsifying his medical records. He contends that he has received death threats on his Facebook page, some from the police, and that he has requested medical transfers, all of which "the warden denied." He says that the medical staff has told him that he has arthritis in his shoulder, but he insists that it is broken. Plaintiff claims that x-rays he received at Providence Hospital in Mobile, Alabama, show that he has a broken jawbone and calcium build-up and that he has an off-set jaw. (*Id.*)

Plaintiff further alleges that, on January 24, 2025, "a[n] officer came into Dental at Kilby and told the dentist to falsif[y his] dental records to cover up [his] broken jaw." Then, on January 27, 2025, when Plaintiff was getting his teeth cleaned, "a different dentist came in changed [his] dental records from needing 2 teeth pulled which proves [his] jaw is broken to only needing one pulled." Plaintiff, however, insists that he has two loose teeth that need to be pulled because his jaw is broken. (*Id.*)

Plaintiff asserts that he wrote grievances regarding his "broken shoulder" and also to "let Kilby Medical know about [the] conspiracy and being denied medical" in November and December 2024. He says that he requested MRI results and x-rays and that he requested x-rays or an MRI to be taken. He also "let them know about the torn muscle in [his] back." In January or February 2025, Plaintiff wrote to medical asking why they were lying about his dental x-rays and saying that he has "no fracture, broken, or displaced bones in [his] jaw or shoulder" and that he has "no loose teeth." Plaintiff argues that this is "retaliation against [him]" and that "the[y are] lying." (*Id.*; *see also* Doc. # 33 at 3 (alleging that Plaintiff "was denied medical treatment and [his] medical records falsified due to a conspiracy to retaliate [against him] at Fountain Correctional Facility").) Finally, Plaintiff says that he reported his injuries "the whole time [he] was at Fountain [Correctional Facility]" from 2020 to 2024, "but the correctional officer[]s would threaten [him] and tell [him] they would

get [him] stabbed and jumped if [he] kept reporting it." He has since been transferred to Kilby Correctional Facility, where he is "still reporting it" and claims that "multiple officer[]s," without naming anyone, have assaulted him. (Doc. # 30 at 3.)

As relief, Plaintiff requests monetary damages for "pain, suffering, punitive damages, emotional distress, public humiliation, and neglect." He asks for "30 million dollars each" and for criminal charges to be pressed. (*Id.* at 4; *accord* Doc. # 33 at 4.)

## IV. DISCUSSION

Plaintiff brings this suit under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

§ 1983.

To state a claim under § 1983, a plaintiff must allege two elements. First, he must allege a violation of a right protected by federal laws, and second, he must allege that the violation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *accord Beaubrun v. Dodge State Prison*, 2025 WL 2490396, at *3 (11th Cir. Aug. 29, 2025) (per curiam).

**A.**    **Claims Against the State of Alabama D.O.C. and Atmore Hospital**

In his amended complaints, Plaintiff names, among others, the State of Alabama D.O.C. and Atmore Hospital as Defendants. However, in the Memorandum Opinion and Order dated November 18, 2025, Plaintiff's claims against both of these Defendants were dismissed. (*See* Doc. # 17 at 6–8.) His claims against the State of Alabama D.O.C. were deemed frivolous and dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). (*Id.* at 7.) His claims against Atmore Hospital were dismissed without prejudice for failure to state a claim under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (*Id.* at 8.)

Because Plaintiff's claims against the State of Alabama D.O.C. were dismissed with prejudice, he cannot attempt to re-assert these claims in his amended complaint. Moreover, to the extent that Plaintiff attempts to re-assert his claims against Atmore Hospital, those claims still do not survive screening for at least two reasons.

First, Atmore Hospital is a private entity. An essential element of a § 1983 action is that a person acting under color of state law committed the alleged constitutional deprivation. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family*

*v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) (quoting *Sullivan*, 526 U.S. at 50). For Plaintiff's § 1983 claims to proceed against Atmore Hospital, he must allege that its acts or omissions constitute state action. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150–52 (1970). State action is present when a private entity performs a function that "is traditionally the exclusive prerogative of the state." *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (collecting cases where state action is found when a private entity assumes a traditionally governmental role).

Plaintiff alleges that he was sent to Atmore Hospital for an MRI of his jawbone in February 2021 but "they made [him] go back to the prison without putting the bone back in place or fixing any of [his] broken bones." Plaintiff argues that "they should have admitted [him] in the hospital and done surger[y]." (Doc. # 30 at 3.) These allegations provide no basis for viewing Atmore Hospital as a state actor. There is nothing in the amended complaint to indicate that Atmore Hospital took on a traditionally governmental role. Accordingly, Atmore Hospital is not a proper defendant under § 1983, and Plaintiff's claims against it must be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Second, even if Atmore Hospital were a proper defendant under 42 U.S.C. § 1983, Plaintiff's claims against it are barred by the statute of limitations. "All constitutional claims brought under § 1983 are tort actions, subject to the statute of

limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). In Alabama, the limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). "Federal law, though, determines when a § 1983 plaintiff's cause of action accrues." *Chapman v. Dunn*, 129 F.4th 1307, 1315 (11th Cir. 2025). "The general federal rule is that the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.* (cleaned up). Claims brought after the expiration of the statute of limitations may be considered frivolous. *See Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations . . . warrants a dismissal as frivolous."); *see also Reid v. Republic Bank & Tr. Inc.*, 805 F. App'x 915, 916 (11th Cir. 2020) (affirming the district court's *sua sponte* dismissal of some claims under § 1915(e)(2)(B) based on the expiration of the limitations period); *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (recognizing the running of the applicable statute of limitations as a sufficient ground for dismissal under § 1915(e)(2)(B)).

Based on the amended complaints' allegations, it appears that Plaintiff's claims against Atmore Hospital accrued in February 2021. Plaintiff did not commence this action until March 2025. (*See* Doc. # 1.) Because Plaintiff

commenced this action after the two-year limitations period had run, his claims against Atmore Hospital must be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Based on the foregoing, Plaintiff's claims against Atmore Hospital will be dismissed with prejudice as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

## B.    Claims Against the Remaining Defendants

### 1.    *Statute of Limitations*

To the extent that Plaintiff attempts to assert 42 U.S.C. § 1983 claims against the remaining Defendants—Warden Rolanda Calloway; Warden Mary Cook; Warden Brandon McKenzie; YesCare, as the medical provider for Fountain and Kilby Correctional Facilities; Steve Marshall; Dr. O. Locke; and Dr. Rahmian— based on incidents that allegedly occurred in 2023 and earlier, these claims must be dismissed as time-barred.  As previously noted, Plaintiff did not commence this action until March 2025.  (*See* Doc. # 1.)  In his amended complaints, Plaintiff fails to specifically tie dates and incidents to the remaining Defendants, but states that violations occurred on numerous dates, including "2-9-21," "Oct. on or about the 16th 2020," and "10-26-20."  (*See* Doc. # 30 at 2; Doc. # 33 at 2.)  While the exact violations and against whom these claims are asserted is unclear, his claims for violations alleged to have occurred on those dates are time-barred.  Because Plaintiff

brought these claims after the two-year limitations period had run, these claims will be dismissed with prejudice as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). *See Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations . . . warrants a dismissal as frivolous."); *see also Reid v. Republic Bank & Tr. Inc.*, 805 F. App'x 915, 916 (11th Cir. 2020) (affirming the district court's *sua sponte* dismissal of some claims under § 1915(e)(2)(B) based on the expiration of the limitations period); *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (recognizing the running of the applicable statute of limitations as a sufficient ground for dismissal under § 1915(e)(2)(B)).

## 2.   *Failure to State a Claim*

All claims asserted by Plaintiff against the remaining Defendants that are not time-barred will be dismissed for failure to state a claim upon which relief may be granted.

To state a claim under § 1983, a plaintiff first must allege a violation of a right protected by federal laws. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *accord Beaubrun v. Dodge State Prison*, 2025 WL 2490396, at *3 (11th Cir. Aug. 29, 2025) (per curiam). In his amended complaints, Plaintiff states that he brings his claims on grounds of medical negligence. (Doc. # 30 at 2; Doc. # 33 at 2.) The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" by state

actors. U.S. Const. amend. VIII. However, "[a] complaint that a prison physician has been merely negligent in diagnosing or treating a medical condition does not state a valid claim for medical mistreatment under the Eighth Amendment." *Bailey v. Lopez-Rivera*, 2026 WL 161319, at *2 (11th Cir. Jan. 21, 2026) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106(1976)). That is, a medical malpractice claim is not cognizable under § 1983. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment.").

Even under a liberal construction, the amended complaints fail to state a § 1983 claim for deliberate indifference to Plaintiff's serious medical needs against the remaining Defendants. The Eighth Amendment's "cruel and unusual punishment" prohibition "should be understood to prohibit government officials from exhibiting 'deliberate indifference to [the] serious medical needs of prisoners.'"[5] *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc)

---

[5] In his first amended complaint, Plaintiff mentions the Fourteenth Amendment. (*See* Doc. # 30 at 2.) The Fourteenth Amendment forbids deliberate indifference to the serious medical needs of pretrial detainees. *See Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007). The legal standards for a deliberate-indifference claim under the Fourteenth Amendment are identical to those under the Eighth Amendment, allowing for their interchangeable application. *Id.*

(quoting *Estelle*, 429 U.S. at 104–05).  "To establish liability on a deliberate indifference claim, a plaintiff must demonstrate that:  (1) the injured party suffered a deprivation that was objectively 'sufficiently serious,' and (2) the defendant acted with 'subjective recklessness as used in the criminal law.'"  *Wingo v. WellStar Health Sys., Inc.*, 160 F.4th 1184, 1190 (11th Cir. 2025) (quoting *Wade*, 106 F.4th at 1262).  "To meet the second step, the plaintiff must show that the 'defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff.'"  *Id.* at 1190–91 (quoting *Wade*, 106 F.4th at 1262).  At the pleading stage, this means that the plaintiff must allege facts that plausibly show that he suffered a deprivation that was objectively sufficiently serious and that the defendant acted with subjective recklessness as used in the criminal law.  *See, e.g.*, *O'Connor v. Reddish*, 2026 WL 74569, at *3 (11th Cir. Jan. 9, 2026) (per curiam) ("[T]o succeed on his [deliberate-indifference] claim against [the defendant], [the plaintiff] must allege facts that plausibly show that [the defendant] knew that it would seriously jeopardize [the plaintiff's] health to give him a sick-call form instead of referring him for immediate care.  But the facts he asserts don't support that conclusion.").  Furthermore, Eleventh Circuit "caselaw recognizes that a nonmedical officer cannot be held liable for deliberate indifference if he reasonably relies on the opinion of a medical officer in his treatment of a detainee or inmate." *Id.*

Despite being allowed to amend his complaint, and doing so twice, Plaintiff still has not alleged how each of the remaining Defendants was deliberately indifferent to his serious medical needs.  The amended complaints fail to identify each Defendant's specific role and do not allege the particular acts or omissions by each Defendant that allegedly resulted in the inadequate medical care.  Such factual allegations are necessary to ensure that Defendants receive fair notice of the claims against them and the grounds upon which those claims rest.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that a pleading must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"); *Douglas v. Yates*, 535 F.3d 1316, 1321–22 (11th Cir. 2008) (affirming the dismissal of claims under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim where the complaint alleged a constitutional violation but lacked facts connecting three defendants to the violation).  Absent these critical allegations, the amended complaints do not meet the necessary pleading standards to state a § 1983 claim for a constitutional violation alleging deliberate indifference to Plaintiff's serious medical needs against the remaining Defendants.  Consequently, Plaintiff's claims against the remaining Defendants will be dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[6]

---

[6] Additionally, as outlined in the Memorandum Opinion and Order issued on November 18, 2025, Plaintiff cannot seek relief in a civil lawsuit requesting an order for the criminal prosecution of

## V.  CONCLUSION

Based on the foregoing, it is ORDERED as follows:

(1)    Plaintiff's claims against the State of Alabama D.O.C. are DISMISSED with prejudice as frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1);

(2)    Plaintiff's claims against Atmore Hospital are DISMISSED with prejudice as frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii);

(3)    Plaintiff's claims against the remaining Defendants—Warden Rolanda Calloway; Warden Mary Cook; Warden Brandon McKenzie; YesCare, as the medical provider for Fountain and Kilby Correctional Facilities; Steve Marshall; Dr. O. Locke; and Dr. Rahmian—based on incidents that allegedly occurred in 2023 and earlier are DISMISSED with prejudice as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1); and

(4)    Plaintiff's claims against the remaining Defendants—Warden Rolanda Calloway; Warden Mary Cook; Warden Brandon McKenzie; YesCare, as the medical provider for Fountain and Kilby Correctional Facilities; Steve Marshall; Dr. O. Locke; and Dr. Rahmian—not dismissed with prejudice as time-barred are

---

third parties.  (Doc. # 17 at 9–10.)  Notwithstanding the dismissal of this form of relief, Plaintiff impermissibly has included it again in his first amended complaint.  (Doc. # 30 at 4.)

DISMISSED without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

It is further ORDERED that Plaintiff's third application to proceed *in forma pauperis* (Doc. # 34) is DENIED as moot.

DONE this 17th day of February, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE